### WALKER v. PILKERTON.
C. A. No. 2654–48.

United States District Court
District of Columbia.
Feb. 11, 1949.

322

Harry Friedman, of Washington, D. C., for plaintiff.

A. Slater Clarke, of Washington, D. C., for defendant.

PINE, District Judge.

In this case plaintiff brought an action for slander allegedly uttered in 1948. Defendant filed a "counterclaim" for libel allegedly published in 1947. It had no relation to the principal claim. It occurred more than one year prior to the filing of the counterclaim, but less than one year prior to the filing of the action for slander by plaintiff. The statute of limitations for actions for libel is one year[1] in the District of Columbia, and plaintiff has moved to dismiss the counterclaim. The defendant contends that the filing of the action for slander tolled the statute. There is authority that if a counterclaim is not barred at the commencement of the action in which it is pleaded, it does not become so afterward during the pendency of that action.[2] In this jurisdiction, however, the statute of limitations continues to run in respect of a set-off which has no relation to the principal claim. This was established in Durant v. Murdock, 3 App.D.C. 114, 124, wherein the Court announced the rule as follows:

" * * * the set-off, in order thus to have the benefit of the statute of limitations, as of the time of the filing of the suit by the plaintiff, must have some relation to the principal claim. It would be a rather startling proposition, that the institution of a suit by a plaintiff should have the effect, ipso facto, of arresting at once and for an indefinite period of time the running of the statute of limitations against any and all claims that the defendant might have against the plaintiff, provided that they were afterwards at any time pleaded in such suit as a set-off."

The decision in the Durant case, supra, does not appear to have been overruled or modified, and is conclusive on the point here involved.

Plaintiff's motion to dismiss the counterclaim is granted. Counsel will submit appropriate order.

[1] D.C.Code 1940, § 12—201.
[2] Tom Reed Gold Mines Co. v. Brady, 55 Ariz. 133, 99 P.2d 97, 127 A.L.R. 905, 910; 34 Am.Jur. 59, 60.